COBB, Judge,
dissenting.
I must respectfully dissent from the majority’s unpublished memorandum affirming Hayden Jerome Jackson’s conviction for first-degree unlawful possession of marijuana. The majority has held that, under the facts of this case, the search and seizure initiated at the safety checkpoint roadblock was valid and constitutional.
From the law quoted by the majority, it is clear that the United States Supreme Court has held that roadblocks, otherwise considered an invalid, warrantless search and seizure, are reasonable in two instances in which the governmental interest has been proven to be distinct from general law enforcement purposes — border patrol to control the problem posed by the unchecked flow of illegal immigrants into this country and sobriety checkpoints to control the widespread problem of drunk driving in this country. See United States v. Martinez-Fuerte, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976), and Michigan Dep’t of State Police v. Sitz, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990). Neither the courts of this State, nor the United States Supreme Court, have ever upheld the constitutionality of a search resulting from a roadblock set up for general law enforcement purposes, as such general purposes do not outweigh the liberty interests of those people forced to endure the search.
In this case, the roadblock was set up as part and parcel of a contract between the Mobile Housing Authority and the police department in an attempt to control crime in the housing project in question. An officer claimed that he smelled marijuana during the stop of Jackson’s vehicle, and he made Jackson pull his vehicle to the side of the road. The subsequent warrant-less search yielded marijuana. During the suppression hearing, the following relevant pieces of testimony were elicited from Sgt. Frank Cassidy, who was supervising the six-man unit that set up the roadblock:
“[Defense counsel]: So you’re saying that the Sheriff told you to go patrol the RV Taylor Projects.
“[Witness]: The Sheriff himself did not tell me, no, sir. The Mobile County Sheriffs Department has a contract agreement with the Housing Board Authority that on certain dates, that we will come in and patrol the area that they designate. I got my direct orders from Captain Crosby.
[[Image here]]
“[Defense counsel]: Well, was this a criminal investigation or a traffic investigation your seven-man unit was doing?
“[Witness]: We were doing — we were doing — if you had to put it in one of those categories, I would call it traffic. We were looking for safety devices.
“[Defense counsel]: All right. So your testimony is the Mobile Housing Board was concerned about the traffic violations in the projects and wanted you guys to go in and check on people’s driver’s licenses?
“[Witness]: Housing projects — housing board authorities did not specify what they wanted us to do. We were asked to put a presence inside RV Taylor and we arrived. I took a six-man unit into RV Taylor.
“[Defense counsel]: Is there anything in writing from the Housing Board that you received showing what type of presence you were supposed to be doing?
*155 “[Witness]: We have a contract with them that specifies that we will go into an area that they govern at their request. It states that we will do rolling patrol, foot patrol, community policing, safety checkpoints.”[1]
(R. 12-14.)
“[Witness]: We were working inside of RV Taylor at the request of the Housing Board.... We did the safety checkpoint at my request.”
(R. 19.)
“[Witness]: ... The Housing Board has a contract with the Sheriffs Department to put units patrolling inside different housing projects at dates at their request. They did not ask us specifically to check for safety equipment. They asked for us to provide patrol unit ... presence there.”
(R. 20.)
The State bore the burden of proving the reasonableness of an otherwise inherently unreasonable and unconstitutional seizure. See Hagood v. Town of Town Creek, 628 So.2d 1057, 1062 (Ala.Crim.App.1993). I do not believe that it did so. The testimony adduced at trial merely proved that this roadblock was part of a plan developed by the police department at the request of the Housing Authority to provide a general law enforcement presence in the housing project in question. Jackson relies on City of Indianapolis v. Edmond, 531 U.S. 32, 41, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000), which states that the United States Supreme Court has “never approved a checkpoint program whose primary purpose was to detect evidence of ordinary criminal wrongdoing.” I agree. The State provided no evidence of its unique interest in establishing the validity of driver’s licenses and automobile safety equipment in this area that was separate front the government’s interest in general law enforcement. It is obvious from the emphasized portions of Sgt. Cassidy’s testimony that the roadblock was intended as general law enforcement. “[T]his general interest in law enforcement simply does not outweigh the liberty interests of those seized, however brief the seizure may be.” Hagood v. Town of Town Creek, 628 So.2d at 1060. Therefore, the evidence presented by the State in this case is insufficient to establish the unique governmental interest that must be present to justify an otherwise inherently unconstitutional search and seizure.
Thus, because I believe the trial court erroneously denied Jackson’s motion to suppress the marijuana seized in this case, I must dissent.

. The officer did not have a copy of the contract with him.